RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11 / 2 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEONARD HOWARD | DOCKET NO. 12-CV-1018; SEC. P |
| VERSUS | JUDGE DRELL |
| AVOYELLES PARISH SHERIFF, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Leonard Howard. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is presently incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Plaintiff claims that the defendants deprived him of adequate medical care at the Avoyelles Parish Jail, where he was incarcerated at the time of filing suit. He seeks injunctive and monetary relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff was transferred from Iberville Parish Jail to Avoyelles Parish Jail in February 2012. He complains that he had been taking 800 mg of Gabapentin twice daily at the Iberville Parish Jail; however, once at the Avoyelles jail, the dose was changed to 600 mg of Gabapentin in the morning and 800 mg in the evening. Plaintiff complains that the dosage should not have been changed. [Doc. #1] In an amended complaint, he also complains that

he was taken off of Tramadol. [Doc. #9]

He asked the Court to order that he be given the "correct" dosage, and he seeks monetary compensation. Plaintiff was diagnosed with cancer in May 2012, and he was transferred to Hunt Correctional, where he is presently incarcerated.

## Law and Analysis

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Even if care is inadequate, it is clear that not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard

2

for any serious medical needs. See <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff has not presented allegations of deliberate indifference. Plaintiff received extensive medical treatment in his three months at Avoyelles Parish jail. He requested an examination for knots in his neck, and he was examined on March 5, 2012. A consultation was scheduled for Plaintiff at the Huey P. Long Medical Center in Pineville. He was transported to the hospital on April 10, 2012, where x-rays were taken. He went back to the hospital for a CT scan on April 25, 2012, and he saw "doctor after doctor." [Doc. #9] A biopsy was performed on April 27, 2012. Plaintiff was transported to the hospital on May 2, 2012 for a bone scan. On May 7, 2012, Plaintiff was transferred to Hunt Correctional. Plaintiff's medical records were sent to Hunt on may 9, 2012, and Plaintiff was informed that he had cancer.

Plaintiff's complaint involves a time period of approximately three months - from February 8, 2012 until May 7, 2012 - during which he was incarcerated at Avoyelles Parish jail. He complains that, during that time, he was administered an "incorrect" dosage of gabapentin, and that the doctor had no reason to change the dose or to discontinue Tramadol.

What Plaintiff has alleged is a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment. See <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997), *citing*

3

Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). He has not alleged that the defendants refused to treat him, intentionally treated him incorrectly, or otherwise acted with wanton disregard for Plaintiff's health. Even "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, *nor does a prisoner's disagreement with his medical treatment*, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(citations omitted). Plaintiff's disagreement regarding medications prescribed and the dosage received does not state a claim for which relief can be granted.

### Conclusion

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances through a complaint and amended complaint, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

**Under the provisions of 28 U.S.C. §636(b)(1)© and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk**

of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of November, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE